IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID R. BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNIFUND CCR PARTNERS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**INTRODUCTION**

1.  Plaintiff David R. Bush brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Unifund CCR Partners ("Unifund"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.  The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications and activities impacted plaintiff within this District;

   b. Defendant does or transacts business within this District.

**PARTIES**

6. Plaintiff is an individual who resides in the Northern District of Illinois.

7. Defendant Unifund CCR Partners ("Unifund") is a general partnership which is engaged in the businesses of (a) a bad debt buyer, purchasing or otherwise acquiring charged-off debts allegedly owed by consumers and attempting to collect them from the consumers and (b) a collection agency, collecting for clients debts allegedly owed by consumers..

8. Unifund CCR Partners operates from an address of 10625 Techwoods Circle, Cincinnati, Ohio 45242.

9. Unifund CCR Partners states on its Web site, www.unifund.com, that "Unifund is one of the country's leading purchasers, sellers and managers of under-performing and distressed consumer receivables. Unifund offers sellers an opportunity to unlock the value of their dormant delinquent receivables . . . ." The same Web site also states, "In 1989, Unifund began buying distressed loan portfolios on a national scale from small banks and retailers. One year later, the company began purchasing portfolios from large financial institutions. Today, the company is one of the largest buyers and resellers of consumer debt in the nation."

10. According to an interview of Unifund's principal executive officer in the Cincinnati Enquirer, Unifund pays four to ten cents on the dollar for debts it purchases or acquires and recovers an average of 20 cents on the dollar.

11. Unifund CCR Partners owns approximately $12 billion in charged-off

debts, according to an interview of its principal executive officer in the Cincinnati Business Courier of September 3, 2007.  Dan Monk, "Consumer debt? He loves it; Unifund thrives by taking on others' unpaid bills, to tune of $12 billion."

12. The same Web site also describes Unifund's collection agency business: "For a variety of reasons, you may choose to maintain ownership of your long-overdue receivables. In that case, we manage those accounts for you to extract the same value we realize from our owned accounts. We use the same internal and external data sources, work with the same network of partners, and bring the same innovation and proprietary technology to the management of your portfolios. We are efficient in determining what works best to unlock value from your accounts."

13. Unifund CCR Partners is a "debt collector" as defined in the FDCPA, 15 U.S.C. § 1692a(6).

14. Unifund CCR Partners is a collection agency as defined in the ICAA.

## FACTS

15. Unifund has been attempting to collect from plaintiff an alleged credit card debt obtained for personal, family or household purposes and not for business purposes, with a number ending in 1561.

16. In 2006, Unifund, represented by Pollack & Rosen, P.A., filed suit against plaintiff in the County Court for Okaloosa County, Florida to collect the alleged debt.

17. Plaintiff had once resided there, but has not since 1988.

18. At all times between 2005 and the present, plaintiff resided in Illinois.

19. Because the lawsuit was not brought to enforce a written contract signed in Okaloosa County, Florida and plaintiff did not reside there when the lawsuit was filed, Okaloosa County, Florida was not a permissible forum under 15 U.S.C. §1692i or Florida law. Furthermore, there was no basis for personal jurisdiction in Florida.

20. Plaintiff did not learn of the lawsuit until February 2008, when a copy of a

letter to Unifund from the County Court Judge was forwarded to him by the occupants of the property in Florida to which it was sent.  (Exhibit A)

21. On or about February 6, 2008, plaintiff sent Unifund a letter disputing the debt.  Unifund received the letter on or about February 12, 2008.  A copy of the letter and certified mail receipt is attached as Exhibit B.   The letter had plaintiff's correct, Illinois address on it.

22. On or about February 8, 2008, plaintiff sent Pollack & Rosen, P.A. a letter disputing the debt.  Pollack & Rosen, P.A. received the letter on or about February 12, 2008.  A copy of the letter and certified mail receipt is attached as Exhibit C.  This letter also had plaintiff's correct, Illinois address on it.

23. On or about March 24, 2008, plaintiff sent Unifund another letter disputing the debt.  Unifund received the letter on or about March 26, 2008.  A copy of the letter and certified mail receipt is attached as Exhibit D.

24. On or about March 24, 2008, plaintiff also sent Pollack & Rosen, P.A. a letter disputing the debt.  Pollack & Rosen, P.A. received the letter on or about March 29, 2008.  A copy of the letter and certified mail receipt is attached as Exhibit E.

25. The only response was that Unifund, represented by Pollack & Rosen, P.A., filed a motion for judgment, mailing it to plaintiff's address in Illinois (Exhibit F).

26. At this point, plaintiff was required to retain counsel in Florida at a cost of $600.

27. Counsel filed a motion to quash service. (Exhibit G).  By order of June 5, 2008, the lawsuit was abated for lack of service of process and lack of personal jurisdiction (Exhibit H).

28. During 2009 Unifund continued to report the debt without noting the existence of any dispute on plaintiff's credit reports with Experian (Exhibit I) and Trans Union (Exhibit J).

29. Unifund also hired Merchants Credit Guide Company to dun plaintiff.

30. On or about June 9, 2009, Merchants Credit Guide Company, acting as agent of Unifund, sent plaintiff the dunning letter attached as <u>Exhibit K</u>.

## COUNT I – FDCPA

31. Plaintiff incorporates paragraphs 1-30.

32. The continued reporting of the debt to credit bureaus without noting the existence of a dispute violated 15 U.S.C. §1692e(8).

33. Unifund violated 15 U.S.C. §1692c by causing direct contact with plaintiff when he was represented by counsel.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

34. Plaintiff incorporates paragraphs 1-30.

35. Defendant violated the following provisions of 225 ILCS 425/9 by filing and pursuing a lawsuit against an Illinois resident in Florida:

> **. . . (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. . .**

36. Defendant violated the following provisions of 225 ILCS 425/9 by causing direct communications with a represented party:

> **. . . (30) Communicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney. If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor. The collector may communicate with the debtor when the attorney gives his consent.**

37. Defendant violated the following provisions of 225 ILCS 425/9.1:

**225 ILCS 425/9.1. (Effective January 1, 2008) Communication with persons other than debtor**

**Sec. 9.1. (a) Any debt collector or collection agency communicating with any person other than the debtor for the purpose of acquiring location information about the debtor shall: . . .**

> **(6) after the debt collector or collection agency knows the debtor is represented by an attorney with regard to the subject debt and has knowledge of or can readily ascertain the attorney's name and address, not communicate with any person other than the attorney, unless the attorney fails to respond within a reasonable period of time, not less than 30 days, to communication from the debt collector or collection agency.**

38. Defendant violated the following provisions of 225 ILCS 425/9.2:

**225 ILCS 425/9.2. (Effective January 1, 2008) Communication in connection with debt collection**

**Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .**

> **(2) If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .**

39. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

40. Plaintiff was damaged as a result.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1)    Compensatory and punitive damages;

    (2)    Costs.

    (3)  Such other and further relief as is appropriate.


          <u>s/Daniel A. Edelman</u>
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
   & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman<br>
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\23318\Pleading\Complaint_Pleading.WPD